NAME CHANGE — COLLEGE Section 7 of SJR 27 of the 1974 Legislature changing the name of Central State University to Central Oklahoma State University is invalid by reason of the failure of the title to encompass such provision. The Attorney General has considered your request for an opinion wherein you asked, in effect, the following question: "Is Section 7 of SJR 27 of the 1974 Legislature which provides for a change in the name of Central State University to Central Oklahoma State University invalid by reason of the failure of the title to encompass such provision?" Senate Joint Resolution 27 of the 1974 Legislature provides for changes in the names of nine institutions of higher education. The title to the resolution, as enrolled, reads as follows: "A JOINT RESOLUTION CHANGING THE NAME OF NORTHEASTERN STATE COLLEGE TO NORTHEASTERN OKLAHOMA STATE UNIVERSITY; CHANGING THE NAME OF SOUTHEASTERN STATE COLLEGE TO SOUTHEASTERN OKLAHOMA STATE UNIVERSITY; CHANGING THE NAME OF EAST CENTRAL STATE COLLEGE TO EAST CENTRAL OKLAHOMA STATE UNIVERSITY; CHANGING THE NAME OF SOUTHWESTERN STATE COLLEGE TO SOUTHWESTERN OKLAHOMA STATE UNIVERSITY; CHANGING THE NAME OF NORTHWESTERN STATE COLLEGE TO NORTHWESTERN OKLAHOMA STATE UNIVERSITY; CHANGING THE NAME OF PANHANDLE STATE COLLEGE TO OKLAHOMA PANHANDLE STATE UNIVERSITY; DESIGNATING OKLAHOMA COLLEGE OF LIBERAL ARTS AS UNIVERSITY OF SCIENCE AND ARTS OF OKLAHOMA; AND DESIGNATING CAMERON COLLEGE AS CAMERON UNIVERSITY." Section 7 of SJR 27 reads as follows: "SECTION 7. Central State University, located at Edmond, Oklahoma, is hereby officially named and shall be designated in all future references as 'Central Oklahoma State University.'" Article V, Section 57 Oklahoma Constitution, reads in pertinent part: "Every act of the legislature shall embrace but one subject, which shall be clearly expressed in its title. . . . Provided, That if any subject be embraced in any act contrary to the provisions of this Section such act shall be void only as to so much of the law as may not be expressed in the title thereof." The Oklahoma courts have held that the title of a legislative act need not abstract the contents of the act but may state the subject in general terms. In Nelson v. State, Okl. Cr., 288 P.2d 429 (1955), Paragraph Three of the Syllabus by the Court reads in part as follows: "It is not necessary for the title to an act of the legislature to embrace an abstract of its contents. It is sufficient, if the title contains a reasonable intimation of the matters under legislative consideration, to state the subject of the bill in general terms, and with fewest words, in accordance with general custom, to which the framers of the Constitution intended the Legislature to conform. . ." Where the subject of the act is stated in restrictive language rather than in general terms, however, such language will determine the scope of the act. In Oklahoma City v. Prieto, Okl., 482 P.2d 919
(1971), it is stated: "The subject expressed in the title to an act fixes a limit upon the scope of the act, and all parts of an act which are not within its title are unconstitutional and void, even though such provision might properly have been included in the act under a broader title." See also Excise Board of Washita County v. Lowden, Okl., 116 P.2d 700 (1941) which states: "The legislature may make the title to an act as restrictive as it pleases and courts cannot enlarge the scope of the title." Applying the above authorities to SJR 27, it is apparent that the title constitutes a detailed abstract of the contents of the act rather than a statement of the subject in general terms, although Article V, 57, requires only a general statement. The title specifies the present and new names of eight institutions without making mention of the change in the name of Central State University as provided in Section 7 of the body of the act. Moreover, there is no general language in the title from which it might be reasonably inferred that the act embraces more than the name changes specified in the title. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Section 7 of SJR 27 of the 1974 Legislature changing the name of Central State University is invalid by reason of the failure of the title to encompass such provision. (Joe C. Lockhart)